<u>NOT FOR PUBLICATION</u>                    [Dkt. Ent. 17]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

KENNETH SHAW,

      Plaintiff,

   v.                                  Civil No. 11-4291 (RMB/AMD)

HOUSING AUTHORITY OF CAMDEN, et         **OPINION AND ORDER**
al.,

     Defendants.

<u>Appearances</u>:

George R. Szymanski
Law Office of George R. Szymanski
1370 Chews landing Road
Laurel Springs, NJ 08021

    Attorney for Plaintiff

Christine P. O'Hearn
Brown & Connery, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ 08108

    Attorney for Defendants

**BUMB**, UNITED STATES DISTRICT JUDGE:

    Plaintiff Kenneth Shaw ("Plaintiff") asks the Court to

reconsider its February 2, 2012 order granting dismissal of Count

Seven (Defamation) of his First Amended Complaint, ("Complaint").

1

In the alternative, Plaintiff asks the Court for leave to file a late notice of tort claim. For the reasons that follow, the Motion for Reconsideration and the Motion to file late notice of claim are DENIED.

I.  **BACKGROUND**

Plaintiff Kenneth Shaw was employed for four years by American Water Works Service Company as a contract compliance project manager when he began interviewing with Defendant Camden Housing Authority, ("CHA") for a position as a purchasing manager. [First Amended Complaint, "FAC", ¶6].  Defendant Gloria Jackson-Wright, CHA's General Counsel, was one of Plaintiff's interviewers.  Plaintiff informed Defendants that he was not a New Jersey Qualified Purchasing Agent.  Plaintiff further alleges that CHA nonetheless promised to employ Plaintiff while he pursued the necessary coursework to garner certified status and that it would pay for the costs associated with achieving the certification. [FAC ¶¶8-9]. Plaintiff was offered a job, and according to Plaintiff, was required to begin work immediately on December 20, 2010, allowing him to provide only two days notice to American Water Works. [FAC ¶10].  As a consequence of giving inadequate notice, Plaintiff avers that he forfeited a "15% bonus and tuition reimbursements" owed to him by his previous employer and was barred from any future employment with it. [FAC ¶12].

Plaintiff's employment with CHA was short-lived. He began work on December 20, 2010 and was terminated on February 25, 2011. [FAC ¶14]. Plaintiff believes he was terminated because CHA could not wait for him to become a certified purchasing agent. [FAC ¶14].  Plaintiff alleges that CHA and Jackson-Wright defamed him by communicating to the New Jersey Department of Labor's Unemployment Insurance Office, three days after his termination, that he had been terminated because of willful misconduct.

Plaintiff filed his complaint in this Court on July 26, 2011. Plaintiff filed an Amended Complaint on September 29, 2011.  On October 12, 2011, Defendants filed a motion to dismiss several counts of the Amended Complaint.  Plaintiff filed his opposition to the motion nearly three months late.  Despite Plaintiff's dilatory pleadings, this Court accepted Plaintiff's submission and heard oral argument on February 2, 2012.  The Court granted Defendants' motion, without prejudice, on Count 1 (Breach of Contract), Count 3 (with respect to §§1985 and 1986), and Count 7 (Defamation).  The Court granted Plaintiff leave to file an amended complaint with respect to Counts 1 and 3; this leave did not extend to the defamation count. [Dkt. Ent. 16]

Relevant to the present motion, when considering Plaintiff's defamation claim, the Court observed that the Plaintiff had failed

to show that he followed the notice requirement of the New Jersey Tort Claims Act, ("the Act"). <u>See</u> N.J.S.A. 59:8-9.  The Act requires that when suing a public entity in tort, notice of claims against the entity must be served within ninety-days of their accrual. <u>Id.</u> Although Plaintiff did file a notice of tort claims within ninety-days as required, the notice did **not** include a claim of defamation.

Plaintiff, in his original papers, argued because he had properly served notice upon Defendants for other tort claims arising out of his termination from CHA, his claim "related back" to the timely notice and was therefore proper.  Plaintiff, however, offered no authority for this proposition and, when specifically questioned by the Court as to his legal authority for this rule, acknowledged that there was none.[1]

On February 22, 2012, Plaintiff filed a Motion for Reconsideration of the Court's February 2, 2012 order. Specifically, Plaintiff seeks reinstatement of the defamation claim. He argues that he has found support for his relation back argument. In the alternative, he seeks leave from the Court to file a late notice of claim.

---

[1] Incredulously, Plaintiff's counsel claims that he was reluctant to argue any such "law" at oral argument out of concern that he might be further "mocked" by the Court for failing to cite to supporting law.  It is unfortunate that counsel misperceived this Court's display of leniency in the face of his inexcusable conduct.

## II. <u>LEGAL STANDARD</u>

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  <u>United States v. Compaction Sys. Corp.</u>, 88 F.Supp.2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b).  <u>Id.</u>

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.  <u>Agostino v. Quest Diagnostics, Inc.</u>, 2010 U.S. Dist. LEXIS 135310, at *14-15 (D.N.J. Dec. 22, 2010)(citing <u>Bryan v. Shah</u>, 351 F.Supp.2d 295, 297 (D.N.J.2005)).  Local Rule 7.1(i) creates a procedure by which a court may reconsider its decision upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." <u>Id.</u> (citing <u>Bryan</u>, 351 F.Supp.2d at 297).

The "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906, 909 (3d Cir. 1985)(internal citation omitted).  Reconsideration is to be granted only sparingly.  <u>United States v. Jones</u>, 158 F.R.D. 309, 314 (D.N.J. 1994).  Such motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised

prior to the entry of judgment." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515-16 (D.N.J. 1996) (internal citation omitted).  Third Circuit jurisprudence dictates that a Rule 7.1(i) motion may be granted only if:  (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact to prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)); Agostino, 2010 U.S. Dist. LEXIS 135310, at *15-16.

Notably, "any evidence not supported with citation to the record and overlooked by the Court will not be grounds for a motion for reconsideration." Gilbert v. Camden City, Civ. No. 04-3268, 2007 WL 1040978, *4 (D.N.J. Apr. 4, 2007) (citing Clawans v. United States, 2008 U.S. Dist. LEXIS 18808, *39 (D.N.J. Dec. 26, 2000) ("To the extent that the lack of a Statement of Undisputed Facts has hampered this process [of reviewing the record and materials submitted], any complaint that some piece of evidence was overlooked, for example in a motion for reconsideration, is correspondingly attenuated.")).

III. **ANALYSIS**

Plaintiff makes two arguments. First, Plaintiff argues that

reconsideration is warranted with respect to the Court's ruling on the defamation claim because he has identified two cases that support his prior relation back argument. Second, Plaintiff argues that even if reconsideration is unwarranted the Court should afford him leave to file a late notice of claim.

     A. <u>Motion for Reconsideration</u>:

Plaintiff offers two New Jersey cases in support of his argument that the defamation claim relates back to his original notice of tort claims: <u>Russo Farms, Inc. v. Vineland Bd. Of Educ.</u>, 144 N.J. 84 (N.J. 1996); and <u>Kolczycki v. City of East Orange</u>, 317 N.J. Super. 505(N.J. 1999). Neither case supports that argument, however.

Instead, both cases stand for the narrow proposition that when a municipality is properly notified of a claim based on a particular tort, the Plaintiff need not serve additional notices of new injuries resulting from that same tort. See <u>Russo Farms, Inc.v. Vineland Bd. Of Educ.</u>, 144 N.J. at 101-104; and <u>Kolczycki v. City of East Orange</u> 317 N.J. Super. at 519-520.  As Defendants correctly argue, neither case stands for the proposition, claimed by Plaintiff, that filing a proper notice of some tort claims relieves the Plaintiff of responsibility to notify the Defendant of other claims that have accrued. <u>Id.</u> Such holding, urged by Plaintiff, would run contrary to the fundamental purpose of the Tort Claims Act - to afford notice

to a public entity to investigate and potentially settle claims. <u>See</u> <u>Holman v. Hilton</u>, 542 F.Supp. 913 (D.N.J. 1982).

Therefore, this Court can find no legal error in its prior ruling and Plaintiff's Motion for Reconsideration is DENIED.

B. <u>Leave to File a Late Notice of Claim</u>

Plaintiff asks, in the alternative, that the Court grant him leave to file a late notice of tort claim. A court may[2], in its discretion, allow a plaintiff to file a late notice of claim if it "finds that the public entity or public employee has not been substantially prejudiced by the delay **and** that there were extraordinary circumstances that led to the failure to file within the period of time prescribed." <u>Brown v. City of Essex County New Jersey</u>, 2010 WL 5139880 (D.N.J. 2010)(emphasis added).[3] The

---

[2] Defendants argue that this Court may lack jurisdiction to permit the filing of a late notice of claim because the statue explicitly refers to "the discretion of a judge of the Superior Court." <u>See</u> <u>infra</u>. Because this matter included federal claims, this Court retains jurisdiction over the pendent state tort claims and as such assumes jurisdiction. <u>See</u> <u>generally</u> <u>Cliett v. Cityof Ocean City</u>, 2007 WL 2459446 (D.N.J. August 24, 2007), <u>Forcella v. City of Ocean City</u>, 70 F.Supp.2d 512 (D.N.J. 1999), <u>Tripo v. Robert Wood Johnson Medical Center</u>, 2012 WL 113609 (D.N.J. January 12, 2012), and <u>Blow v. Patterson Police Dept.</u>, 2012 WL 386206 (D.N.J. February 3, 2012).

[3] The statute reads in relevant part:

> A claimant who fails to provide notice
> of his claim within 90 days as provided in
> section 59:8-8 of this act, may, in the
> discretion of a judge of the Superior Court,
> be permitted to file such notice at any time
> within one year after the accrual of his claim
> provided that the public entity or public

"extraordinary circumstances" exception is intended to be a limited exception to the statue. <u>See</u> <u>Escalante v. Township of Cinnaminson,</u> <u>Cinnaminson Memorial Park</u>, 283 N.J. Super. 244, 250 (App. Div. 1995).

Plaintiff claims that his failure to file a timely notice of his defamation claim was the result of his failure to consult with his attorney, who had been retained to advise him as to possible claims arising out of his termination, on CHA's reporting to the Unemployment Office that his termination had resulted from willful misconduct. But a Plaintiff's mere failure to consult with an attorney about a possible claim, absent other facts, does not constitute an extraordinary circumstance. <u>O'Neill v. City of Newark</u>, 304 N.J. Super. 543, 554 (App. Div. 1997). In <u>O'Neill v. City of Newark</u>, a transit police officer was injured in a city-owned building when a staircase collapsed on him while his weapon was drawn, causing his gun to discharge into his leg.  <u>Id.</u> at 546.  The <u>O'Neill</u> plaintiff failed to seek legal counsel during the ninety-day notice period and as such failed to file a proper notice of tort claim against

---

employee has not been substantially prejudiced
thereby. Application to the court for permission
to file a late notice of claim shall be made
upon motion supported by affidavits based upon
personal knowledge of the affiant showing sufficient
reasons constituting extraordinary circumstances
for his failure to file notice of claim within
the period of time prescribed by section 59:8-8
of this act or to file a motion seeking leave to file
a late notice of claim within a reasonable time
thereafter;… (N.J. Stat. Ann §59:8-9.)

the City of Newark.  Id. at 548.  The O'Neill court held that, given plaintiff's ability to seek out medical treatment and leave his apartment as needed, and amid his full knowledge of the injury and the identity of the owner of the building, extraordinary circumstances did not exist to warrant leave to file a late notice. Compare O'Neil with R.L. v. State-Operated Sch. Dist., 387 N.J. Super. 331, 336 (App. Div. 1996) (finding extraordinary circumstances when the under-age plaintiff was infected with HIV by a school district employee and promptly notified police and school officials within days of learning of his infection, spent the time following emotionally distraught, rarely leaving his home, crying and preoccupied with fear of his death and the consequences of revealing his HIV infection to others).

Here, Plaintiff argues that he is entitled to an "extraordinary circumstances" exception to the statute because he failed to consult his attorney on matters related to his employment benefit compensation proceedings, thus failing to recognize a potentially cognizable defamation claim. The fact that Plaintiff, who was represented by counsel at the time, "did not appreciate the significance" [Dkt. Ent. 17-1, at 4] of any statements made by CHA to the Unemployment Office, does not rise to the "extraordinary" level required of the demanding standard. Therefore, Plaintiff's

motion to file a late notice of claim is DENIED.

**IV. <u>CONCLUSION</u>**

     For the foregoing reasons, Plaintiff's Motion for Reconsideration and Motion to file a late notice of Tort Claim are DENIED.


Dated: <u>August 10, 2012</u>         <u>s/Renée Marie Bumb</u>
                                   RENÉE MARIE BUMB
                                   United States District Judge