<u>NOT FOR PUBLICATION</u>                              [Dkt. Ent. 24]

```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
                        CAMDEN VICINAGE
```

```
 ┌─────────────────────────────────┐
 │ KENNETH SHAW,                   │
 │                                 │
 │         Plaintiff,              │   Civil No. 11-4291 (RMB/AMD)
 │                                 │
 │     v.                          │
 │                                 │
 │ HOUSING AUTHORITY OF CAMDEN,    │      OPINION and ORDER
 │ et al.,                         │
 │                                 │
 │         Defendants.             │
 └─────────────────────────────────┘
```

<u>Appearances</u>:

George R. Szymanski
Law Office of George R. Szymanski
1370 Chews landing Road
Laurel Springs, NJ 08021

  Attorney for Plaintiff

Christine P. O'Hearn
Brown & Connery, LLP
360 Haddon Avenue
P.O. Box 539
Westmont, NJ 08108

  Attorney for Defendants

**BUMB**, UNITED STATES DISTRICT JUDGE:

  This matter comes before the Court on a Motion to Dismiss Plaintiff Kenneth Shaw's ("Plaintiff") Second Amended Complaint, ("Complaint") filed by defendants Housing Authority of the City of Camden, Gloria Jackson-Wright, Maria Marquez, Victor Figeroa,

Bernardina Plumey, Thomas Kwartnik, Melvin Gibson, and Vincent Miluro, (collectively, the "Defendants"). [Dkt. Ent. 24.] In the Complaint, Plaintiff Kenneth Shaw alleges six causes of action: Promissory Estoppel (Count 1), Federal Civil Rights Violations(Count 2), Violation of New Jersey Law Against Discrimination (Count 3), Intentional Inflection of Emotional Distress (Count 4), Fraud (Count 5)and Defamation (Count 6). Defendants, save for Camden Housing Authority and Gloria Jackson-Wright, move to dismiss the Complaint in its entirety. Defendants Camden Housing Authority and Gloria Jackson-Wright move to dismiss Count 2 with respect to 42 U.S.C §§1985 and 1986 and Count 6.[1]

For the foregoing reasons, Defendant's Motion is **GRANTED**.

## BACKGROUND

A detailed recitation of the underlying facts related to all counts before the Court has been set forth in the Court's Opinion dated August 10, 2012 and is incorporated by reference herein.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Sheridan v. NGK Metals Corp., 609 F.3d 239, 263 n. 27 (3d Cir. 2010) (quoting Ashcroft v. Iqbal, -- U.S. --, 129 S. Ct. 1937, 1949 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Iqbal, 129 S.Ct. at 1949).

---

[1] For reasons unclear to this Court, these Defendants did not move to dismiss the §1983 allegation.

The Court conducts a three-part analysis when reviewing a claim:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947.  Second, the court should identify allegations that, "because they are no more than conclusions are not entitled to the assumption of truth."  Id. at 1950. Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." Id.

Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009) (". . . [A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.").

## LEGAL ANALYSIS

### I. Counts Against Newly Named Defendants

Plaintiff's Second Amended Complaint includes six previously unnamed employees of the Camden Housing Authority as defendants. Specifically, Maria Marquez, Victor Figeroa, Bernardina Plumey, Thomas Kwartnik, Melvin Gibson and Vincent Miluro are named as parties to the action for the first time and identified by the Plaintiff as employees of the Camden Housing Authority.  Defendants now ask the Court to dismiss all claims against them because they allege that there are no factual averments related to any act or omission attributable to these new defendants present in the Complaint.

Even under the most liberal notice pleading requirements of

Rule 8(a), a plaintiff must differentiate between defendants. Pietrangelo v. NUI Corp., 2005 WL 1703200 (D.N.J. 2005). In Pietrangelo, the plaintiff's complaint, though voluminous, failed to mention several defendants individually in any of the allegations, instead, referring to all of the defendants collectively as "Defendants" throughout. The court held that the "lumping together" of defendants "fails to put the various defendants on notice of the allegations against them." Id. (compare H2O Plus, LLC. V. Arch Personal Care Products, L.P, 2011 WL 2038775 (D.N.J. 2011) distinguishing Pietrangelo amid a complaint that differentiated between defendants by utilizing headings in its complaint that indicated which counts were against which defendant, with only a small number of counts against both defendants.)

The Complaint at issue here is analogous to the situation in Pietrangelo. Though the Complaint lists each new defendant by name and title when numerating the parties to the action, none are ever mentioned elsewhere in the complaint. As such, the new defendants are not on notice of the allegations against them. Therefore, the claims against them are dismissed.[2]

## II. 42 U.S.C. §§1985 and 1986 Claims

The Court previously dismissed these claim due to the vague and conclusory nature of the allegations. [Dkt. Ent. 7]. Plaintiff has failed to allege any more facts to render his claim plausible under *Iqbal/Twombly*. In fact, Plaintiff's

---

[2] Because the Court is dismissing all counts against the new defendants on grounds that the Complaint fails to follow the requirements of Federal Rules of Civil Procedure 8(b), it is not necessary to reach Defendants' argument that any claims in tort must fail amid a lack of proper notice under the New Jersey Tort Claims Act. See N.J.S.A. 59:8-9. To the extent that Plaintiff seeks to amend his complaint, he will also be required to show that notice was served on these defendants in compliance with the Act.

Complaint with respect to this count is identical to its earlier iteration save for the addition of one sentence stating, "the defendants conspired to deprive plaintiff of his job and constitutional rights, as there was a meeting of their minds with regard to that, and as they acted with the common purpose of trying to deprive the plaintiff of his job and constitutional rights." [Complaint ¶24]. Given that this sentence also represents a legal conclusion and is absent any fact to render the claim plausible, the Court now dismisses this claim for a second time on the same grounds. To the extent that the Plaintiff seeks to file a Third Amended Complaint, he shall follow the Court's instruction outlined below.

III. Defamation

This Court in its Opinion of August 10, 2012 denied Plaintiff's Motion for Reconsideration and his request for Leave to File a Late Notice of Claim. As such, Defendants' Motion to Dismiss this count is moot as this claim was previously dismissed with prejudice.

**CONCLUSION**

For the foregoing reasons, it is now this 10th day of August, 2012 ORDERED that Defendants' Motion to Dismiss is **GRANTED**; and it is further ORDERED that although Plaintiff has already had two opportunities to amend, in light of the liberal amendment standard, Plaintiff will be given "one final opportunity" to further amend. Resnik v. Boskin, No. 09–5059, 2011 WL 689617, at *9 (D.N.J. Feb.17, 2011); Fennell v. Alie, 2009 WL 2984200, at *2 (D.Del. Sept.16, 2009) (affording plaintiff a "final opportunity" to amend where he had already amended once and the court could not say that amendment would be

futile). To the extent Plaintiff seeks to amend his complaint, he may do so within 30 days of the entry of this order.


Dated: August 10, 2012              s/Renée Marie Bumb
                                    RENÉE MARIE BUMB
                                    United States District Judge